UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JOSEPH KILLIMAYER,

                    Petitioner,

v.

D. ROCK, *Superintendent,*

                    Respondent.

------------------------------------------------------------X

12-cv-6328 (NSR) (LMS)

ORDER ADOPTING REPORT
AND RECOMMENDATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10 | 9 | 2013

NELSON S. ROMÁN, United States District Judge

      Before the Court is Magistrate Judge Lisa Margaret Smith's Report and Recommendation ("R & R"), dated September 6, 2013, on petitioner Joseph Killimayer's petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, from his June 29, 2005 conviction. Judge Smith recommends that the Court deny the petition. For the reasons stated below, this Court adopts Judge Smith's R & R as the opinion of the Court, and denies the petition.

### Background[1]

      Petitioner's trial by jury ended on June 29, 2005 with the jury convicting Petitioner of one count of robbery in the first degree and one count of robbery in the second degree. On August 4, 2005, Petitioner was sentenced as a persistent violent felony offender to an indeterminate term of twenty years to life imprisonment on each count, with the sentences running concurrently.

      Petitioner appealed his conviction and through counsel he raised the arguments that: (1) the photographic array used to determine the perpetrator of the robbery was unduly suggestive because the Petitioner's picture was the only blurry photograph and because the photographs

---

[1] Facts are taken from the R & R, unless otherwise noted.

Copies mailed/~~faxed~~ 10 | 9 | 2013
Chambers of Nelson S. Román, U.S.D.J.

contained height markings; (2) there was insufficient evidence to support the pretrial

identification and the identification was against the weight of the evidence; and (3) Petitioner's

trial counsel was ineffective, specifically by failing to move for dismissal of the indictment based

on an alleged violation of the New York State speedy trial statute, N.Y. Crim. Proc. L. §30.30.

Subsequently, Petitioner's appellate counsel received a letter from Petitioner's trial counsel

detailing plea negotiations that would explain the delay that counsel otherwise was arguing

denied Petitioner his speedy trial rights. Appellate counsel then withdrew the third argument.

The Appellate Court denied the first two claims as unpreserved, and alternatively, without merit.

*People v. Killimayer*, 40 A.D.3d 1118 (2d Dep't 2007). Petitioner's application for leave to

appeal the decision was denied on July 25, 2007. *People v. Killimayer*, 9 N.Y.3d 866 (2007).

Petitioner, proceeding *pro se*, then filed a motion to vacate the judgment based on N.Y.

Crim. Proc. L. §440.10, raising the claim that his statutory right to a speedy trial under N.Y.

Crim. Proc. L. §30.30 had been violated. That motion was denied on November 12, 2008. On

August 13, 2012 Petitioner filed a petition seeking a federal writ of *habeas corpus*, asserting the

following grounds: (1) ineffective assistance of trial counsel; (2) unduly suggestive pretrial

identification procedures; and (3) ineffective assistance of appellate counsel.

Judge Smith issued the R & R recommending this court deny the petition for a writ of

*habeas corpus* on September 6, 2013. Neither party has filed written objections to the R & R.

### Discussion

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense"

if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B).

Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file
> written objections to such proposed findings or recommendations as provided by
> rules of court. *A judge of the court shall made a de novo determination of those*

> *portions of the report or specified proposed findings or recommendations to which objection is made.* A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b) (emphasis added); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, the district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon,* 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith,* 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan,* No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *Ortiz v. Barkley,* 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Neither party has objected to Judge Smith's R & R and therefore, the Court reviews the recommendation for clear error. The Court has reviewed Judge Smith's R & R and finds no error, clear or otherwise.

In order to be granted a writ of habeas corpus, a petitioner must comply with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2254, which requires all state remedies to be exhausted before bringing a petition for a writ of habeas corpus before a federal district court. *Id* at §2254(b)(1)(A). A petitioner has exhausted his or her state law remedies only if he or she has fairly presented his or her federal constitutional claim to the appropriate state court and has appealed that claim to the highest state court. *See Picard v. Connor,* 404 U.S. 270, 275-76 (1971); *see also Klein v. Harris,* 667 F.2d 274, 282 (2d Cir. 1981). The petition for a writ of habeas corpus must be filed within one year from the date that a petitioner's conviction becomes final, subject to tolling periods. 28 U.S.C. §2244(d)(1)-(2). The

court finds no error, clear or otherwise, with Judge Smith's determinations that Petitioner failed to file his habeas petition within a year from the date his conviction became final, that Petitioner was not entitled to equitable tolling, or that the limitations period should have started running at a later date than specified under 28 U.S.C. §2244(d)(1)(A). The Court concludes that Petitioner's request for a writ of habeas corpus was untimely, and is therefore dismissed.

Judge Smith also did not err when concluding that even were the petition timely filed, it should be dismissed as meritless. Petitioner's first claim of ineffective assistance of counsel was exhausted in state court and adjudicated on the merits. Therefore, the AEDPA standard of review requires this court to not grant relief unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). This Court agrees with Judge Smith's conclusion that the state court's decision that there was no violation of N.Y. Crim. Proc. L. §30.30 was not contrary to, or an unreasonable application of clearly established federal law.

A federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent to the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Where the state court explicitly relies on an independent and adequate state law ground and the petitioner cannot show cause "for the [state procedural] default and actual prejudice as a result of the alleged violation of federal law, or [] that failure to consider the claims will result in a fundamental miscarriage of justice," *id* at 274, a federal habeas court is precluded from reviewing the claim. Here, the Appellate Division determined that Petitioner's second claim that his conviction was obtained through the use of a suggestive photo array was not preserved at the trial court and therefore rejected this claim. Judge Smith did not err in finding that in making its

4

determination, the state court relied on an independent and adequate state law ground and that therefore, this Court may not review Petitioner's second claim.

Finally, this Court adopts Judge Smith's conclusion that Petitioner's third claim of ineffective assistance of appellate counsel is unexhausted because "[t]here is no time limit for filing a writ of error coram nobis" in New York. *Smith v. Duncan*, 411 F.3d 340, 347 n.6 (2d Cir. 2005). Petitioner's third claim is deemed to be deleted from the petition, as detailed in Judge Smith's R & R.

### Conclusion

Accordingly, the Court adopts Magistrate Judge Smith's Report & Recommendation in its entirety. The petition for a writ of habeas corpus is, therefore, DENIED. The Clerk is instructed to enter judgment accordingly.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: Oct. 9 , 2013
       White Plains, New York

SO ORDERED:

_____ 10/09/13
NELSON S. ROMÁN
United States District Judge

5